Argued September 30; affirmed October 11, 1932

SIBLEY ET AL. *v.* PITTS

(14 P. (2d) 1002)

See 9 R. C. L. 968 (4 Perm. Supp., 2586).

*W. Y. Masters,* of Portland, and *George G. Van Natta,* for appellant.

*M. J. Barrett,* of Houlton, for respondents.

KELLY, J. With the assistance of brokers, plaintiffs and defendant agreed that a transfer should be made by plaintiffs to defendant of certain real and personal property. The real property consisted of a tract of land and a building. Part of the building was in use as a storeroom and the other part as living quarters. The personal property consisted of furniture and other household equipment in use in the living quarters, and a stock of second-hand merchandise in the storeroom.

The written contract, for the reformation and foreclosure of which this suit was brought, contains a description by metes and bounds of said real property, and, in the body of the contract, only a reference to the personal property in these words, ''Included in the sale of the above described real estate is the personal property described on the attached sheet which is made a part of this agreement.'' Said attached sheet does not contain any description of or reference to the stock of second-hand merchandise. The question here to decide is whether a mistake was made by omitting a description of this stock of goods in the preparation of the written contract. Plaintiffs assert that there was such a mistake. Defendant denies it.

In his answer to plaintiffs' complaint, among other things, defendant alleges:

''All the parties hereto knew perfectly well that the real estate involved in the deal was practically worthless at the time; and the price fixed upon the real estate was intentionally fixed in excess of its value on the ground and for the reason that the parties at the time considered that there were practical as well as legal difficulties in the way of holding a lien upon a floating stock of merchandise and the goodwill of the business. As an additional inducement, therefore, which the plaintiffs held out to this defendant in order to obtain his execution of the contract which is set forth in haec verba in plaintiffs' complaint the proposition that they would turn over to this defendant the stock of goods involved in this suit, as well as the goodwill of the business, free and clear of all liens or claims of liens in behalf of the plaintiffs; and after the execution of said contract by the parties hereto, the plaintiffs delivered said stock of merchandise to the defendant.''

And again, in his answer, defendant refers to said merchandise as ''the stock which the plaintiffs in this proceeding gave him.''

1. We are unwilling to be influenced by such an alleged defense. We are convinced that both parties agreed that the stock of merchandise was to be transferred by plaintiffs to defendant, not as a gift nor as an inducement to procure the purchase of the real property, but as part of the subject matter of the contract. Its omission from said supplemental and attached sheet was a mistake and one unquestionably made by the scrivener. The discussion concerning the supposed futility of a chattel mortgage upon merchandise being sold from day to day is not in any sense inconsistent with an agreement in the nature of a conditional sale.

2. One of the plaintiffs made and filed herein an affidavit for attachment wherein it is stated that the payment of plaintiffs' claim has not been secured by any mortgage or pledge upon real or personal property. Defendant urges that the making and filing of this affidavit and the procurement of a writ of attachment and its service by levy upon the property in suit constitutes a waiver by plaintiffs of the right to insist upon a foreclosure of the contract in question.

The affidavit for attachment, while inconsistent with plaintiffs' cause of suit, does not constitute a waiver of plaintiffs' rights under the contract, nor of their right to have said contract reformed. A waiver is an intentional relinquishment of a known right. An invalid and unauthorized writ of attachment which, as in this case, was formally set aside within a few days after its issuance, does not serve to relinquish a lien in plaintiffs' favor upon the property thus wrongfully sought to be attached.

''The rule that the assertion of a mistaken remedy does not preclude the enforcement of a real remedy is

thoroughly established by the opinions of courts and text writers.'' Oregon Mill & Grain Co. v. Hyde, 87 Or. 163, 177 (169 P. 791).

Finding no error in the action of the learned trial judge in making and entering a decree reforming said contract and ordering a strict foreclosure, said decree is affirmed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.